*Gaither, Durham & Jacobs, for appellee.*

A. A. GRADY, ETC., *v.* RUFUS BAILEY, ETC.

**Vendor and Purchaser—Title Bond—Assignment—Responsibility of Assignor.**

The assignment of a title bond by the vendee therein does not impose on him the responsibility of the vendor, but only that of an ordinary assignor.

**Judgment—Rescinding Contract of Assignment.**

A judgment rescinding a contract of assignment of a title bond without litigation between the assignor and the maker is erroneous.

APPEAL FROM ADAIR CIRCUIT COURT.

September 7, 1871.

OPINION BY JUDGE HARDIN:

According to well settled principle the assignment by Grady, of the title bond of Williams, did not necessarily impose on Grady the responsibility of Williams, the vendor, but that of an ordinary assignor; and as the answer of Mrs. Turk, tendered in the suit of Bridgewater on the 7th of November, 1867, only disclosed a defect of title in Williams, without the further facts necessary to fix the liability of Grady on his assignment, it did not, in our opinion, present a valid defense to the action, and for this reason the court might have properly rejected it, independently of any statement of Mr. Russell, the counsel of Bridgewaters, or for himself; and this being so it logically results that the statements of Russell to the defendant's counsel in relation to the acceptance of the deed of Williams, however incorrect, did not constitute a sufficient ground for setting aside the judgment. It seems to us, therefore, that the judgment rescinding the contract of assignment, without litigation between the

assignor of the bond and Williams, and without the disclosure of facts disposing with such proceeding, is erroneous.

Wherefore the judgment is reversed and the cause remanded for a judgment not inconsistent with this opinion.

*Russell, Garnett, for appellants.*

*Baker & Walker, for appellees.*